# HARVEY FRANK

## *v.*

## HENRY MINER.

1. CHATTEL MORTGAGES—*before whom to be acknowledged.* Where personal property is permitted to remain with the mortgagor, under a provision to that effect contained in the mortgage, the instrument must be acknowledged before a justice of the peace in the precinct in which the mortgagor resides, or the mortgage will be void as to creditors and purchasers. If there be no justice of the peace in the precinct, or none capable of acting, the parties are left as at the common law, under which all sales and pledges of personal property were void as to creditors and purchasers, unless the possession accompanied and went with the title or to the pledgee.

2. SAME—*of notice by recording or otherwise.* Where a mortgage on chattels is not executed and recorded in conformity with the statute, although spread upon the record, it is not notice to creditors and purchasers, nor will creditors and purchasers be affected by any other notice of such mortgage, although it may be valid and binding between the parties.

3. SAME—*of subsequent possession by mortgagee.* Although the possession of personal property by the mortgagor may be fraudulent, as against creditors and purchasers, by reason of the mortgage not having been properly acknowledged, still if the mortgagee actually obtains the possession under a clause in the mortgage permitting him to do so, before any other rights attach as respects the property, he will hold the same position he would if the possession had passed to him at the time the mortgage was given.

4. So, where there were two mortgagees of the same property, by different mortgages, both of which provided for the possession to remain with the mortgagor, but both void as to creditors and purchasers, by reason of not being acknowledged before the proper officer, if the junior mortgagee first obtains the

possession, he will hold it under his mortgage, as against the prior mortgagee, although he had notice of the prior mortgage.

APPEAL from the Circuit Court of Clay county; the Hon. R. S. CANBY, Judge, presiding.

The facts in this case are fully presented in the opinion.

Mr. SILAS L. BRYAN, for the appellant.

Mr. B. B. SMITH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by appellant in the Clay Circuit Court, against appellee, for the recovery of two horses, a two-horse wagon and harness. To the declaration defendant filed four pleas: 1st, *non cepit*; 2d, property in defendant; 3d, property in one Garret R. Garretson, and 4th, *non detinet*. On these pleas issues were joined, and a trial was had by the court and a jury.

It appears from the evidence, that John Frost was indebted to appellant in the sum of several hundred dollars, and to secure the same, executed a chattel mortgage on this and other property; that the mortgage was acknowledged before a justice of the peace of a different precinct from that in which the mortgagor resided, the only justice of the peace of that township having informed appellant, a short time previous, that he would do no business as a justice. The mortgage bears date the 14th day of January, 1868, and contains a provision that Frost might retain possession until default, but if appellant should at any time feel that the property was insecure, he might reduce it into his possession and sell it. Appellant, finding that Frost was selling the property, was preparing to take the horses, wagon and harness in dispute, into possession, when appellee took the property under a mortgage executed by Frost on the

same property, to Garret R. Garretson, dated the third day of February, 1868, and like appellant's, was acknowledged in a precinct different from that in which Frost, the mortgagor, resided. This latter mortgage contained a clause similar to that in appellant's mortgage. A few hours after appellee obtained possession of the property, appellant demanded it, when, as he and another witness swear, appellee refused to give it up, but said he was sorry for what he had done, said he knew nothing about it, and that Garretson did not tell him to take possession, but appellee said, as he had taken the property he would not surrender it unless it was taken according to law.

Garretson states that he took the mortgage, and that it was to secure a just debt; that he left it to be recorded, and told appellee to get it and keep it; that he knew the property was sufficient to pay both debts, and he expected appellant's to be first paid; that his nephew, appellee, wrote him what he had done, and he approved of it, and he considered appellee his agent.

Appellee testified that Frost was his kinsman, and that the latter had applied to him the day before he took the property, to borrow money or to get him to become his surety, but he refused; that on the day he took the property, Frost and Whittlesy, an attorney, advised him to take it under the Garretson mortgage; that he went to the recorder's office and got the mortgage, and then went to Frost and got the property, and handed the mortgage to Frost, but did not tell him he was acting as the agent of Garretson; that Garretson told appellee to get the mortgage from the recorder, and attend to it for him; that he did not remember saying to appellant that he was sorry for what he had done, and swears "positively, that he did not say so." He, on the same day, went to the justice of the peace in the precinct in which Frost resided, to get a new mortgage, but that officer was not acting, and he failed to procure one. He says he was acting as the agent of Garretson.

On this evidence the jury found the issues for the defendant, and plaintiff thereupon entered a motion for a new trial, which was overruled by the court, and a judgment rendered on the verdict. The case is brought to this court by appeal, and appellant assigns for error, that the judgment is against the law ; is against the evidence ; that the court erred in giving improper instructions ; in refusing proper instructions ; and in overruling a motion for a new trial.

At the common law, all sales and pledges of personal property were void, unless the possession accompanied and went with the title or to the pledgee; and where a vendor or pledgor retained the possession, the transaction was held to be fraudulent *per se,* and incapable of explanation. But our legislature has altered the common law in so far as to permit the mortgagor to retain possession of the mortgaged property where it is provided in the instrument itself, when properly executed and acknowledged, and by having a proper entry made by the justice of the peace in his docket, and by having it duly recorded. But since the adoption of the act, this court has uniformly held, that if either of those requirements is wanting, while the mortgage is binding between the parties, it is void as to creditors and purchasers. See *Porter* v. *Dement,* 35 Ill. 479, and the cases therein cited.

Neither of these mortgages was acknowledged before a justice of the peace in the precinct in which the mortgagor resided, and they were, therefore, void as to creditors and purchasers. If there was no justice of the peace in the precinct, or none capable of acting, the parties were left precisely as they would have been had the statute not been passed. And we have seen that at the common law, to have rendered their mortgages valid, they should have taken the property into possession. It then follows, that neither mortgage, acquired any advantage over the other by priority in date, or other act in procuring their mortgages. They were void as to each other, as well as to all others ; but being governed by the common law, the mortgages would become valid and binding as

to subsequent creditors and purchasers, so soon as the property was reduced to possession by either mortgagee, under and in pursuance to the terms of his mortgage, and Garretson was the first in the race to get the possession.

It has been repeatedly held by this court, that a mortgage on chattels, which is not executed and recorded in conformity with the statute, although spread upon the record, is not notice to creditors and purchasers. Nor is other notice of such void mortgage binding on them; yet all such mortgages are, if otherwise formal, valid and binding between the parties. It then follows, that Garretson was in no wise affected by notice of appellant's prior, but invalid mortgage. Both mortgages, however, contained provisions that the mortgagees might reduce the property to possession, and under those provisions, either party, upon reducing it to possession, would occupy the same position as though possession had accompanied the mortgage at the time it was executed, unless valid liens had intervened before possession was taken. As appellant's mortgage was invalid, had Garretson taken possession when he received his mortgage, it would have been binding as against appellant's mortgage, and the same result was produced when he took the property into possession.

There is no question of fraud or bad faith raised on either of these mortgages, and hence the only question we have considered is the rights of *bona fide* mortgagees thus situated. It is, however, urged that appellee was not the agent of Garretson to take possession. Appellee testifies that he acted as such, and Garretson swears that he considered him as his agent, and afterwards fully ratified all he did, in taking possession of the property. From this evidence, we think that appellee had authority to act, but, at any rate, his principal ratified the act, and that is all that is required. It then follows, that Garretson was the first to obtain possession, and when he did so his mortgage became valid and binding against appellant's prior void mortgage, and was entitled to hold the property as

against appellant, as though he had taken possession when his mortgage was executed.

It may be that some of the instructions given for appellee are not strictly accurate, but they could not have led the jury to an erroneous finding. Had they been properly modified, the jury could not have found differently, and as justice has manifestly been done, we do not feel disposed to disturb the judgment of the court below, and it must be affirmed.

*Judgment affirmed.*