## Michael Griffen v. L. C. Henry.

1. CHATTEL MORTGAGES—*Extension of, Under the Statute.*—The statute (Laws of 1891, p. 171) allowing a chattel mortgage to be extended, provides that the mortgagee shall, within thirty days next preceding its maturity, file for record in the office of the recorder of deeds in the county where such mortgage is recorded and also with the justice of the peace, or his successor, upon whose docket it is entered, an affidavit setting forth the interest which he has by virtue of such mortgage in the property therein mentioned, and the time when the same will become due by reason of such extension.

2. PLEDGES—*Of Personal Property at Common Law.*—At common law, pledges of personal property were void unless accompanied with possession by the pledgee, and when the pledgor retained the possession, the transaction was fraudulent *per se*, and incapable of explanation.

3. SAME—*Legislative .Changes.*—Our legislature has changed the common law in relation to pledges of personal property so as to permit the pledgor to retain possession of the property pledged, where it is so provided in the instrument creating the pledge, and the instrument itself properly acknowledged, with an entry made by the justice taking the acknowledgment, and by having the instrument duly recorded.

4. STATUTES—*Construction of, When in Derogation of the Common Law.*—Our statute providing for the execution of chattel mortgages is in derogation of the common law of pledges of personal property, and is always to be strictly construed where the rights of third parties are involved.

Replevin.—Appeal from the Circuit Court of Shelby County; .the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

JOHN E. JENNINGS and FRANK SPITLER, attorneys for appellant.

GEO. B. RHOADS and B. F. WILSON, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee, as constable, levied upon certain live-stock as the property of one William Griffen, by virtue of two executions, one in favor of Stumpf and Earl, against Griffen, and the other in favor of Cynthia Keim, against him. Appellant, claiming the property under a chattel mortgage exe-

cuted to him by Wm. Griffen and Timothy Griffen, to secure a promissory note for $1,500, replevied. The note and mortgage were executed January 6, 1898, payable in two years. The mortgagors, at that time, resided in Todd Point township, Shelby county, and the mortgage was acknowledged before Jas. J. Robertson, a justice of the peace of that township. Later, they moved to Pickaway township, same county, taking the mortgaged property with them. Later still, Robertson left the State and took his docket to the county clerk, where it remained until Robertson's successor was elected in April, 1900.

On December 26, 1899, the mortgagors and mortgagee united in an affidavit before W. K. Cuttle, a justice of the peace for Pickaway township, to extend the mortgage for two years from January 6, 1900. Several such affidavits were executed, one of which was filed with Cuttle, one with Robert Pierce, a justice of the peace for Todd Point, one with the circuit clerk and recorder, and one with the county clerk.

A jury was waived, and a trial by the court was had, which resulted in a finding and a judgment in favor of the appellee.

While some question is raised as to the good faith of the parties in executing the mortgage, we regard the validity of the attempted extension as the only one involved. The statute allowing chattel mortgages to be extended, provides that the parties to the mortgage shall, within thirty days next preceding the maturity of the same, file for record in the office of the recorder of deeds in the county where the mortgage is recorded, also with the justice of the peace, or his successor, upon whose docket the mortgage was entered, an affidavit setting forth particularly the interest which the mortgagee has, by virtue of such mortgage, in the property herein mentioned, and the time when the same shall become due by extension. It requires that the affidavit be recorded by the recorder, and entered upon the docket of the justice who entered it, or his successor, and thereupon the mortgage lien originally acquired, shall be extended for the term

of two years, from the filing of the affidavit, or until the maturity of the indebtedness of the extension thereof. It expressly provides that the time of extension shall not exceed two years from the date of filing the affidavit.

At common law, pledges of personal property were void, unless accompanied with possession by the pledgee. Where the pledgor retained possession, the transaction was fraudulent *per se*, and incapable of explanation. But our legislature has changed the common law rule in so far as to permit the mortgagor to retain possession of the property, where it is so provided in the instrument itself, when properly acknowledged by having a proper entry made by a justice of the peace taking the acknowledgment, and by having the mortgage duly recorded. The statute being in derogation of the common law, is always strictly construed by the courts, where the rights of third parties are involved. Porter v. Dement, 35 Ill. 478; Frank v. Miner, 50 Ill. 444; Stoner v. Good, 81 Ill. App. 409.

The strict rule of construction which has obtained with reference to the execution, acknowledgment and recording of mortgages, should apply to all attempts to extend the mortgage, under the amendatory provisions contained in section 4, chapter 95, of the present revision of our statute. In several respects, the attempted extension does not comply with the provisions of that section : First, the affidavit was not filed with the justice of the peace, who took the original acknowledgment, or his successor; second, no entry of the extension was made upon the docket of such justice; third, the extension was for a longer period than two years from the date of the affidavit. We regard the failure to comply with the first mentioned provision alone as fatal. It is no answer to say that at the time of making the affidavit, Robertson had removed from the State; that his successor had not been elected and that the parties to the mortgage did all that could be done in compliance with the statute regulating the mode of extension. The statute made no provision for any such contingency as existed at that time. The parties were left, therefore, precisely as

they would have been, had no provision for extension ever been enacted.

In speaking of the statutory provision which requires a chattel mortgage to be acknowledged before a justice of the peace in the precinct where the mortgagor resides, our Supreme Court says:

" If there was no officer to take the acknowledgment, or none' capable of acting, the parties were left precisely as they would have been, had the statute not been passed." Frank v. Miner, 50 Ill. 444.

· The statutory requirement that the affidavit be entered upon the docket of the justice named as the proper officer to take the extension, in our opinion, stands upon the same footing as the statutory provision requiring a memorandum of the acknowledgment to be entered upon the docket of the justice taking the original acknowledgment.    The requirement to have the acknowledgment so entered is mandatory.    Koplin v. Anderson, 88 Ill. 120.

We do not care to extend this opinion by discussing the proposition that the attempted extension failed for the reason that it extended beyond two years from the date of the affidavit.    We have said enough to clearly indicate our opinion that the extension was void as to creditors, and the judgment will be affirmed.