## George J. Allcock v. C. C. Loy.

1. CHATTEL MORTGAGES—*Failure of Justice to Extend Time on, Immaterial as to Parties.*—As between the parties to a valid mortgage the failure of a justice to enter the affidavit of extension of time on his docket is immaterial.

2. SAME—*Requirements of Act Apply to Interested Parties.*—The requirements of sections 1, 2, 3, and 4 of the chattel mortgage act, apply only to interested third parties, and do not in any manner affect the status of the parties to the instrument.

3. SAME—*Who Are Interested Parties Under the Act.*—Third parties who may avail themselves of the statute must have an interest in the property such as that of subsequent purchaser, lienor, judgment creditor, or an officer, bailiff or custodian in possession by virtue of a valid writ, execution or warrant.

Replevin.—Appeal from the Circuit Court of Effingham County; the Hon. SAMUEL L. WRIGHT, Judge, presiding. Heard in this court at the August term, 1901. Reversed and remanded. Opinion filed March 3, 1902.

R. C. HARRAH and CHAS. H. KELLY, attorneys for appellant.

A. S. LOY and G. F. TAYLOR, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in replevin commenced before a justice of the peace in Effingham county, to recover possession of one typewriter. Judgment was rendered in the justice court and the case was appealed to the Circuit Court.

On April 29, 1898, one Charles Rutlinger executed and delivered his promissory note, and a chattel mortgage securing the same, to appellant. Among the other items of property embraced in this chattel mortgage was the typewriter in question. On the 26th day of October, 1899, before the maturity of the note, appellant agreed with the mortgagor to extend the time of payment. The affidavit of extension of time for payment was not entered by the justice on his docket, as is provided in section 4 of the chattel mortgage act. The amount due on the note was not paid, and when appellant sought to foreclose his mortgage, he found the typewriter in possession of appellee, showed appellee his note and mortgage, and demanded the typewriter. Appellee refused to surrender it, and appellant commenced this suit in replevin to recover possession.

Upon the trial in the Circuit Court appellant proved the above recited facts, and offered his note, mortgage and affidavit of extension in evidence. Objections were interposed by counsel for appellee to all these. The court held the affidavit of extension to be a nullity for want of com-

pliance with the statute, and sustained the objections as to it, but admitted the note and mortgage in evidence. At this point plaintiff rested his case, and thereupon, at request of counsel for appellee, the court directed a verdict finding defendant not guilty, and rendered judgment upon such verdict against appellant for costs, and ordered the property (the typewriter in question,) to be returned to appellee. Counsel for appellant duly excepted to all this, bring the case by appeal to this court, and assign such errors as to properly bring the whole case before us for review.

The mortgage was a valid mortgage as between appellant and the mortgagor, and as between them the failure of the justice to enter the affidavit of extension on his docket, was wholly immaterial. The requirements of sections 1, 2, 3, and 4, of the chattel mortgage act, apply only as to interested third persons, and do not in any manner affect the status of the parties to the instrument. The third person that may avail of the statute must have an interest in the property, such as that of subsequent purchaser, subsequent incumbrancer. lienor, judgment creditor, or an officer, bailiff or custodian in possession by virtue of a valid writ, execution or warrant. Sumner v. McKee, 89 Ill. 127.

Appellant's evidence made a *prima facie* case, and did not disclose that appellee was in any manner such an interested third person as the statute provides for, and as appellee offered no evidence, the court could not assume that he had such interest. Mere naked possession is not such an interest, and if appellee had other interest than mere possession, the burden was upon him to prove it. Appellant should not have been required to prove that appellee had not such interest.

Appellee's counsel contend that the evidence does not prove that the typewriter was ever the property. of the mortgagor, and therefore appellant's case fails, because he could have no better title than the mortgagor is shown by the evidence to have had, and that appellee's possession was good against all the world except the owner and those who claim by or through the owner. It is true that no witness

576    APPELLATE COURTS OF ILLINOIS.

VOL. 100.]    Donk Bros. Coal & Coke Co. v. Stroff.

testified in so many words that Rutlinger was the owner
of the typewriter in question at the time he executed the
mortgage to appellant or at any other time, but the infer-
ence from the whole testimony is strong and clear that he
was such owner.    Where the evidence, with the reasonable
inferences deducible therefrom, tends to prove all that is
requisite to plaintiff's right to recover, then it is error for
the court to direct a verdict for defendant.

The judgment of the Circuit Court is reversed and the
cause remanded.