## W. W. Kimball Company, Appellant, v. Samuel Polakow and Virginia Volini, Appellees.

### Gen. No. 19,952.

1. CHATTEL MORTGAGES, § 3*—*what is nature of chattel mortgage.* The chattel mortgage was unknown to the common law, it being the rule that all sales and pledges of personalty were void unless possession accompanied and went with the title or to the pledgee.

2. CHATTEL MORTGAGES, § 1*—*how statute is construed.* A chattel mortgage is valid only when the requirements of the statute have been strictly complied with, and the statute being in derogation of the common law is to be construed strictly.

3. CHATTEL MORTGAGES, § 46*—*how mortgage must be acknowledged and recorded.* A chattel mortgage not acknowledged and recorded as prescribed by statute is invalid as to third persons.

4. CHATTEL MORTGAGES, § 55*—*when acknowledgment does not comply with statute.* A chattel mortgage not acknowledged by the owner in person, but acknowledged by his attorney in fact, is not acknowledged in compliance with the statute and is invalid as to a person who claims to own the property as a purchaser.

Appeal from the Superior Court of Cook county; the Hon. THOMAS N. JETT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed December 22, 1914.

ABRAHAM PRIVAT and WILLIAM S. CORBIN, for appellant; WILLIAM S. CORBIN, of counsel.

SIMEON STRAUS and IRA E. STRAUS, for appellee Virginia Volini.

MR. JUSTICE SMITH delivered the opinion of the court.

This appeal is from a decree of the Superior Court sustaining the demurrer of Virginia Volini, appellee, to the bill of W. W. Kimball Company, appellant, to foreclose a chattel mortgage upon a pipe organ in the building known as the "Douglas Park Auditorium." The

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

chattel mortgage was made by Samuel Polakow, then the owner of the building. It was signed by him in person, but was not acknowledged by him in person. It was acknowledged by one R. H. Murphy, as attorney in fact for Polakow, under and by virtue of a power of attorney empowering him to acknowledge the mortgage. No other power was given. Copies of the chattel mortgage and power of attorney are attached to the bill as exhibits and made a part thereof.

The bill alleges that Polakow by deed conveyed the real estate, "together with certain furniture and furnishings then in said building to Virginia Volini; and she now claims to be the owner of said pipe organ by virtue of said deed. * * * That Virginia Volini took possession of premises and now holds said pipe organ and claims same to be an appurtenance to said building."

By these averments of the bill the ownership of the building by appellee is set up by purchase from Polakow under and by virtue of the deed. The bill does not question the title of appellee to the real estate including the building. It simply asks for a foreclosure of the chattel mortgage. Appellee demurred to the bill and the court sustained the demurrer and dismissed the bill for want of equity.

By the demurrer to the bill, the question of the validity of the chattel mortgage was squarely raised, for all the facts connected with its execution, even to the exact form of acknowledgment, were set forth, leaving no room for construction or intendment.

The contentions of appellant are that the bill shows on its face that it was the intention and agreement of appellant and Polakow that the organ and appurtenances should not be attached to or become a part of the freehold; that appellee purchased only the real estate, and that the mortgage, if good as between appellant and Polakow, is good as to appellee; that a chattel mortgage being good as between the parties to it without

acknowledgment is equally good against all persons who are neither purchasers of the mortgaged chattels nor creditors of the mortgagor, and have no interest in the property; and, lastly, that the acknowledgment of the chattel mortgage by an attorney in fact for the mortgagor was valid.

On the other hand, appellee contends that chattel mortgages were unknown to the common law; that only by virtue of the statute have they any existence, and they exist only when the statutory requirements have been complied with; that the statute does not authorize the execution or acknowledgment of chattel mortgages by anyone but the owner in person, and, hence, the chattel mortgage of appellant is invalid.

The chattel mortgage, as we know it, was unknown to the common law. At the common law all sales and pledges of personal property were void unless possession accompanied and went with the title or to the pledgee. *Frank v. Miner,* 50 Ill. 444, 447. It is not debatable that a chattel mortgage is a creature of the statute, and that it is valid only when the requirements of the statute have been strictly complied with; and, further, that the statute being in derogation of the common law is to be construed strictly. *Porter v. Dement,* 35 Ill. 478; *Harding v. Thuet,* 124 Ill. App. 437, 442; *Second Nat. Bank of Monmouth v. Thuet,* 124 Ill. App. 501-504. A chattel mortgage not acknowledged and recorded as prescribed by the statute is invalid as to third persons, although it may be effective between the parties to it.

We find no provision in the Chattel Mortgage Act, chapter 95, R. S. (J. & A. ¶¶ 7576 *et seq.*), authorizing or empowering any attorney in fact to do any of the things required of the owner by the act to make a valid chattel mortgage; nor do we find any authority conferred on the owner to acknowledge a chattel mortgage by his attorney in fact. We hold, therefore, that the mortgage signed by Polakow and not acknowledged by

him in person, but acknowledged by his attorney in fact, was not acknowledged in compliance with the provisions of the statute and is invalid as against appellee, who is charged by the bill as claiming to own the property as a purchaser.

Apparently this question has never before been directly raised. We may, therefore, legitimately support our conclusion thereon by reasoning by analogy from the Statute of 1833, providing for the recording of town plats, and the construction given the provisions of the act prior to the Statute of 1874, section 2, ch. 109, R. S. (J. & A. ¶ 8518), entitled "Plats," which provides that: "The plat having been completed, shall be certified by the surveyor and acknowledged by the owner of the land, *or his attorney duly authorized* in the same manner as deeds," etc. The words "or by his attorney duly authorized" were added by the law of 1874. The statute prior to 1874 was silent as to the acknowledgment by an attorney in fact, just as our Chattel Mortgage Act is silent. It was held under the Act of 1833, that an attorney in fact was not authorized to acknowledge such plats, and that a plat so acknowledged would not vest the legal title of the streets in the corporation. *Gosselin v. City of Chicago,* 103 Ill. 623; *Earll v. City of Chicago,* 136 Ill. 277; *Thomsen v. McCormick,* 136 Ill. 135; *City of Mt. Carmel v. Shaw,* 155 Ill. 37, 42; *City of Alton v. Fishback,* 181 Ill. 396; *Ryerson v. City of Chicago,* 247 Ill. 185.

Acknowledgment of a conveyance, where the acknowledgment is necessary to its validity, has always been held to be a part of the execution. It is a part of the execution of a chattel mortgage. The execution of a mortgage must be one act and cannot be divided. The decree is affirmed.

*Affirmed.*