The W. W. Kimball Company, Appellant, *vs.* Samuel Polakow *et al.*—(Virginia Volini, Appellee.)

*Opinion filed June 24, 1915.*

1. Pleading—*inferences cannot be permitted to take the place of necessary allegations in a bill.* Where a general demurrer has been sustained to a bill its recitals or omissions should be taken most strongly against the complainant on appeal, and inferences will not be permitted to take the place of necessary allegations.

2. Same—*what does not, of itself, establish fact that property is personal property.* The use of the word "portable," in a bill to foreclose a chattel mortgage on a pipe organ, which describes the property as "one Kimball Portable Pipe Organ," etc., does not, of itself, establish the fact that the organ remained personal property after its installation in the building of the defendant.

3. Same—*when a defendant has a right to present a defense by general demurrer.* One who is made a defendant to a bill to foreclose a chattel mortgage on a pipe organ because the bill, after reciting the conveyance to her of the real estate, states that she now claims to be the owner of the pipe organ by virtue of the deed and now holds the same and claims it to be an appurtenance to the building, has a right to present such claimed defense by general demurrer, as she could not, by answer, say more except in detail.

4. Chattel mortgages—*a chattel mortgage must be executed, acknowledged and recorded according to statute.* A chattel mortgage is a creature of the statute and is a form of lien unknown to the common law, and if it is not executed, acknowledged and

recorded as provided by statute it is invalid as to persons not parties or privies to it.

5. SAME—*statute does not authorize a chattel mortgage to be executed by an attorney in fact.* The statute does not authorize a chattel mortgage to be executed by the mortgagor by an attorney in fact, and ·one who purchases the property has a right to contend that the mortgage is invalid as to her, even though it might be good as against the mortgagor.

APPEAL from the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THOMAS M. JETT, Judge, presiding.

ABRAHAM PRIVAT, (WILLIAM S. CORBIN, of counsel,) for appellant.

SIMEON STRAUS, and IRA E. STRAUS, for appellee.

Mr. JUSTICE WATSON delivered the opinion of the court:

The W. W. Kimball Company, incorporated, filed in the superior court of Cook county, on February 4, 1913, its bill in equity to foreclose a chattel mortgage upon "one Kimball Portable Pipe Organ, No. 4980, Style 17," making defendants to the bill Samuel Polakow, the mortgagor, and Virginia Volini. On March 3, 1913, Virginia Volini filed a general demurrer to the bill, which on July 7, 1913, was sustained and a decree entered dismissing the bill for want of equity. An appeal was taken by complainant to the Appellate Court for the First District and there the decree was affirmed. Upon a certificate of importance a further appeal was allowed and perfected to this court.

It is alleged in the bill that in July, 1910, Samuel Polakow owned certain real estate in the city of Chicago, being certain lots in Prescott's Douglas Park addition, on which was erected a building known as the Douglas Park Auditorium, and about July 20, 1910, he entered into a written contract with complainant to install in said building the

organ above referred to, the contract providing the organ should be and remain the property of complainant until the purchase price ($1650) should be fully paid; that in accordance with said contract complainant did deliver and set up in said building- said organ, with bellows and electric motor, upon the purchase price of which Polakow paid $415. Thereafter, on March 12, 1912, for the balance of $1235 Polakow executed a note payable to complainant in installments of $50 per month, and a chattel mortgage, executed by himself, and acknowledged, not by him but by one R. H. Murphy as his attorney in fact, by virtue of a power of attorney then executed by said Polakow conferring authority to make such acknowledgment and nothing more. The bill further alleges that four of the said $50 installments were subsequently paid by said Polakow, to-wit, in March, April, July and December, 1912; also that in October, 1912, the complainant secured a judgment against Polakow for $250, covering installments then in default. The bill further shows that "in April, 1912, Samuel Polakow by deed conveyed said real estate, together with certain of the furniture and furnishings then contained in said building, to Virginia Volini, and the said Virginia Volini now claims to be the owner of the aforesaid pipe organ by virtue of said deed;" also that "Virginia Volini, on or about January 1, 1913, ousted the said Polakow from possession of said premises and now holds and refuses to surrender possession of the said pipe organ after demand therefor, claiming the same as an appurtenance of the building." The bill prays for answer and accounting, and that defendants, or one of them, be ordered to pay the amount found to be due upon said note within a short day, and that in default "said property" be ordered sold to satisfy such amount, and for general relief.

At the time of the sale of the organ, bellows and motor, in July, 1910, they were undoubtedly personal property. Whether upon installation they became a part of the build-

ing, and therefore of the real estate, and so remained until the execution of the chattel mortgage in March, 1912, and subsequently, cannot be determined from the recitals of the bill. It is nowhere claimed in the bill they were personal property at the time the bill was filed, unless that claim is to be inferred from the recital of the name and number of the organ, the same being described or named as "one Kimball Portable Pipe Organ, No. 4980, Style 17, together with one bellows and electric motor," and from the fact the mortgage used was in form a chattel mortgage. A general demurrer having been sustained to the bill, its recitals or omissions should be taken most strongly against appellant, and inferences will not be permitted to take the place of necessary allegations. The use of the word "portable" in the name of the organ would not, of itself, establish the fact that it remained personal property after its installation in the building.

Three principal contentions are presented in the briefs submitted for our consideration, to-wit: First, are the allegations of the bill as to the supposed interest of Virginia Volini such as to entitle her to be heard upon a general demurrer? Second, may a chattel mortgage be acknowledged by an attorney in fact? And third, if the acknowledgment is unauthorized by law and void, can appellee be heard to contend the chattel mortgage here in question is invalid as to her because not acknowledged?

*First*—Appellee is made a defendant to the bill because the bill, after reciting the conveyance to her of the real estate, states that she now claims to be the owner of the pipe organ by virtue of her deed and now holds the same and claims the same to be an appurtenance to the building. She could not, by answer, say more except in detail, and she therefore had a right to present her defense by general demurrer. We do not agree with appellant that the demurrer in this case is what appellant designates a speak-

ing demurrer, assuming or introducing any averment not appearing in the bill.

*Second*—Appellant does not in its bill rely upon the provision in the original contract to the effect the title to the property sold should not pass from it until the purchase price should be fully paid, but does rely upon its chattel mortgage, apparently upon the theory that title had passed to the mortgagor and he later secured payment of the unpaid portion of the purchase price by the valid execution of a chattel mortgage. A chattel mortgage is a form of lien unknown to the common law and is a creature of the statute. (*Frank* v. *Miner,* 50 Ill. 444.) The statute being in derogation of the common law it must be strictly construed. If not executed, acknowledged and recorded as provided by statute a chattel mortgage is invalid as to those not parties or privies to it. (*Frank* v. *Miner, supra; Porter* v. *Dement,* 35 Ill. 478; *Long* v. *Cockern,* 128 id. 29; *Hunt* v. *Bullock,* 23 id. 320; *Davis* v. *Ransom,* 18 id. 396.) There is no provision in the statute authorizing the acknowledgment to be made under power of attorney. (Hurd's Stat. 1913, chap. 95, secs. 1-4.) The legal maxim, *"Qui facit per alium facit per se,"* upon which appellant relies, has no application here although applicable in many instances where the rules and practices of the common law may be invoked. ⸱

The precise question of the acknowledgment of a chattel mortgage by attorney in fact has not before been presented in this State, but for analogous cases and reasoning we are referred by appellee to the subject of plats and to decisions of this court thereon. By the statute of 1874 entitled "Plats," (Rev. Stat. 1874, chap. 109, sec. 2,) it is provided that "the plat having been completed, shall be certified by the surveyor and acknowledged by the owner of the land, or his attorney duly authorized, in the same manner as deeds of land are required to be acknowledged." The words "or his attorney duly authorized" were added

by the law of 1874. Like our Chattel Mortgage act, the statute, prior to 1874, was silent as to the acknowledgment by an attorney in fact. A plat acknowledged by an attorney in fact of the owner prior to 1874 has repeatedly been held to be not in compliance with the statute and not a statutory plat. (*Gosselin* v. *City of Chicago,* 103 Ill. 623; *Earll* v. *City of Chicago,* 136 id. 277; *Thomsen* v. *McCormick,* 136 id. 135; *City of Mt. Carmel* v. *Shaw,* 155 id. 37.) A plat signed and acknowledged by an agent is invalid as a statutory plat. (*Russell* v. *City of Lincoln,* 200 Ill. 511.) An attempted dedication of land to a city, under the Revised Statutes of 1845, (chap. 25, p. 115,) is ineffectual when the plat was not personally acknowledged by each of the proprietors, in accordance with section 20 of such act. *City of Alton* v. *Fishback,* 181 Ill. 396.

For another analogy we are referred to conveyances of real estate by married women. At the common law a married woman was incapable of conveying her fee simple title to real estate by deed, and hence there can be no law for it unless it be by statute. (*Lane* v. *Soulard,* 15 Ill. 123; *Rogers* v. *Higgins,* 48 id. 211.) Without the statute authorizing it she could not convey under power of attorney. *Rogers* v. *Higgins, supra.*

*Third*—We have held, *supra,* the averments of appellant's bill sufficiently show the claim of ownership of the property in controversy by appellee as a purchaser, and it therefore follows she has a right to contend the mortgage is invalid as to her even if good as against Polakow, the mortgagor. *Badger* v. *Batavia Paper Manf. Co.* 70 Ill. 302.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*