## Baldwin Company, Plaintiff in Error, v. W. C. Keeley, Defendant in Error.

### Gen. No. 21,139.

1.   CHATTEL MORTGAGES, § 48*—*when invalid for defective execution and acknowledgment as against third parties.* A mortgage which is executed and acknowledged in 1914 by an attorney in fact acting for such mortgagors under a power of attorney, although it may have been valid as between mortgagor and mortgagee, is invalid as against subsequent lienors not parties or privies thereto, inasmuch as it was not acknowledged and executed by the mortgagors in accordance with section 2 of the Mortgage Act, Rev. St., ch. 95 (J. & A. ¶ 7577), as it existed when the mortgage was executed and acknowledged.

2.   CHATTEL MORTGAGES, § 1*—*when statute in relation to strictly construed.* Section 2 of the Mortgage Act, Rev. St., ch. 95, as it existed in 1914 (J. & A. ¶ 7577), being in derogation of the common law, must be strictly construed, and chattel mortgages not executed, acknowledged and recorded as provided therein are invalid as to those not parties or privies thereto.

3.   REPLEVIN, § 123*—*what does not constitute prima facie case in action against person claiming innkeeper's lien.* Where mortgagee of a piano in its replevin suit against one claiming an innkeeper's lien on such piano did not confine its evidence merely to the execution of the mortgage and a breach of its covenants, but by its own evidence showed defendant's possession was not mere naked possession of a disinterested third person, but the possession by virtue of an innkeeper's lien, held that such proof did not make a prima facie case for plaintiff in the absence of proof of facts negative to the right to an innkeeper's lien.

4.   INNKEEPERS—*what constitutes effects and valuables which are subject to lien.* Under the Innkeeper's Act, Rev. St. ch. 71, sec. 1, 2 (J. & A. ¶¶ 6193, 6194), providing for a lien upon all "baggage," "other valuables" and "effects" brought into a hotel by guests, a player piano brought into a hotel by a guest must be considered as part and parcel of his effects or valuables.

5.   APPEAL AND ERROR, § 1786*—*when case not reversed upon failure to raise questions in lower court.* Courts of review are opposed to the reversal of cases upon questions which should have been raised in the court below and which are raised for the first time on appeal or error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 15, 1916. Rehearing denied March 30, 1916.

**Statement by the Court.** This is a replevin action brought by plaintiff in error (plaintiff below) against defendant in error (defendant below) to recover possession of a player piano. At the close of plaintiff's case, on motion of the defendant, the court instructed the jury to find the issues for the defendant, whereupon the jury returned a verdict finding the right to the possession of said property in the defendant and assessing defendant's damages in the sum of one cent. Upon this verdict the court rendered a judgment in favor of defendant and awarded a writ of *retorno habendo,* to reverse which plaintiff has sued out this writ of error.

JOSEPH E. WINTERBOTHAM, for plaintiff in error.

ROBERT C. WHEELER, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

The evidence offered on behalf of plaintiff showed that plaintiff, on February 18, 1914, sold a Hamilton player piano to a Mrs. Gertrude Mace and a Mrs. E. G. Russell for $500, payable in monthly instalments; that on the same day the said Mrs. Mace and Mrs. Russell executed a power of attorney to one Rosecrans, to execute and deliver to the plaintiff a chattel mortgage covering the instrument in question, to secure the payment of the purchase price; that said chattel mortgage contained the following covenants: That if default should be made in the payments, or if the goods were removed without the consent of the plaintiff (the mortgagee), or if the mortgagee should feel unsafe or

insecure, the mortgagee (plaintiff) might declare the entire amount due or take possession of the property, without notice or demand; that said mortgage was executed by the said Rosecrans, acting under said power of attorney, on June 29, 1914, and recorded July 1, 1914; that the piano was delivered on February 19, 1914, to 5021 Grand boulevard, Chicago, where Mrs. Russell and Mrs. Mace lived, the former having charge of the apartment; that on or about March 4th Mrs. Mace left Mrs. Russell's apartment; that the piano, however, remained there; that on or about June 1st, Mrs. Russell and a Mrs. Ray took two rooms at the New Southern Hotel, owned by the defendant; that among the effects which they brought there was the piano in question; that about two weeks thereafter they left the hotel, leaving, among other effects, said player piano.

The evidence further shows that on October 9th a representative of plaintiff (one Lawrence) talked with defendant and stated to him that he wanted to get the player piano left there by Mrs. Russell; that defendant told him Mrs. Russell and Mrs. Ray had left the hotel, leaving said player piano and some worthless property, and that he (defendant) had decided to hold the player piano for the indebtedness due the hotel, and for him (Lawrence) to take the matter up with his (defendant's) attorney; that on October 9th Lawrence consulted with Mr. Winterbotham, counsel for plaintiff.

The evidence further shows that Mr. Winterbotham took the matter up with Mr. Wheeler, counsel for defendant, and on October 14th received the following letter:

"I find that Mrs. Ray and Mrs. Russell left an unpaid bill at the New Southern Hotel amounting to $157.64. Upon receipt of this amount, we shall be glad to deliver your piano to you.

"After you have investigated the law in regard to Inn-keeper's liens along the lines that I suggested today, I wish you would call me up and let me know

whether or not you think we are right in contending that we have a lien on the piano.

Yours truly,

Robert C. Wheeler."

that thereafter Mr. Winterbotham again talked with Mr. Wheeler over the telephone and was told that defendant would not give up the piano unless the amount mentioned in the foregoing letter ($157.64) was paid him; that Mr. Winterbotham replied that he would not pay this because his client had been told by defendant "that the player piano was all right at the hotel and that there would be no storage charges on it"; and that he (defendant) knew plaintiff owned the player piano by virtue of a chattel mortgage.

Under the foregoing evidence, plaintiff maintains that it had made out a prima facie case, wherefore the court erred in directing a verdict for the defendant and in entering judgment thereon.

It is an admitted fact in the case, that the mortgage upon which plaintiff rests its title was not executed by the mortgagors personally, but that it was executed by an attorney in fact acting for them, and that the acknowledgment in the Municipal Court of Chicago was likewise made under a power of attorney. Under the holding of our Supreme Court, such execution and acknowledgment did not comply with section 2 of our Mortgage Act, Rev. St., ch. 95 (J. & A. ¶ 7577), as it then existed, which act is in derogation of the common law and must therefore be strictly construed; and it has been further held that a chattel mortgage not executed, acknowledged and recorded as provided for by statute, even though valid as between mortgagor and mortgagee, is invalid as to those not parties or privies thereto. *W. W. Kimball Co. v. Polakow*, 268 Ill. 344; *id*. 190 Ill. App. 174; *Second Nat. Bank v. Thuet*, 124 Ill. App. 501. At the time this chattel mortgage was executed there was no provision in the statute authorizing the execution and acknowledgment of a chattel

mortgage under a power of attorney, and therefore, under the law as it existed at the time the mortgage in question was executed, it was not a valid mortgage as against a subsequent incumbrancer, lienor, judgment creditor or an officer by virtue of a valid writ, execution or warrant. In arriving at this conclusion, we are not unmindful of the fact that since the decision in *W. W. Kimball Co. v. Polakow, supra,* was handed down, our Legislature amended section 2 of our Mortgage Act, *supra,* whereby an acknowledgment by an attorney in fact acting under a power of attorney is authorized. *Session Laws* of 1915, p. 528.

Plaintiff contends that in the case at bar, all that was necessary to make out a prima facie case was to show the execution of the mortgage and a breach of its covenants, and that the question whether said mortgage was valid as against third persons was one of defense. While counsel does not cite *Allcock v. Loy,* 100 Ill. App. 573, yet that case supports its contention. In that case, however, the court also held that the evidence offered by the plaintiff did not disclose that defendant (a third person) was such interested third person as the statute provided for. To meet the contention of the plaintiff, defendant cites *Second Nat. Bank v. Thuet, supra,* which was a replevin action brought by the mortgagee to recover certain property from a person not the mortgagor. The mortgage upon which that suit was based had not been executed in conformity to the statute, and the court held that where the property was found in possession of a third person, it was incumbent upon the plaintiff, in addition to showing the execution of the mortgage and a breach of its covenants, to offer evidence showing that the third person had no right or interest therein as provided by the statute. In arriving at that conclusion, however, the court recognized that thereby it put upon the plaintiff the necessity of proving a negative, which was contrary to the general rule, but stated that was a misfortune resulting from

his defective mortgage. These decisions are at variance with each other, and while the writer of this opinion, speaking for himself alone, is in accord with the reasoning and the rule of law as announced in *Allcock v. Loy, supra,* yet under the facts in the case at bar, under either holding, we are of the opinion that plaintiff failed to make out a prima facie case, because the plaintiff did not confine its evidence merely to the execution of the mortgage and a breach of its covenants, but by its evidence showed defendant's possession was not a mere naked possession of a disinterested third person, but that it was the possession of a lienor. The evidence clearly shows that the piano in question was brought to defendant's hotel by Mrs. Russell, one of the mortgagors, and placed in the room occupied by herself and Mrs. Ray, and that defendant claimed there was due him for hotel charges the sum of $154.67, and that defendant claimed an innkeeper's lien on this player piano for said sum, as authorized under the statute. In *Allcock v. Loy, supra,* the court said, p. 575:

"Appellant's evidence made a prima facie case, *and did not disclose that appellee was in any manner such an interested third person as the statute provides for,* and as appellee offered no evidence, the court could not assume that he had such interest. Mere naked possession is not such an interest, and if appellee had other interest than mere possession, the burden was upon him to prove it. Appellant should not have been required to prove that appellee had not such interest."

But in the case at bar the evidence shows more than the mere naked possession; it shows defendant to be such interested third person as the statute provides for, and therefore plaintiff was also required to prove, in making out a prima facie case, such facts as would negative the right to an innkeeper's lien that the evidence showed defendant was entitled to. No evidence of this character was submitted by plaintiff, and in the absence thereof, the plaintiff failed to make out a

prima facie case, under either *Allcock v. Loy, supra,* or *Second Nat. Bank v. Thuet, supra,* and the court properly directed a verdict for the defendant.

While plaintiff contends that the piano in question is not such property as the Legislature contemplated should be subject to an innkeeper's lien, we cannot concur therein. Section 2 of the Innkeepers Act, Rev. St. ch. 71 (J. & A. ¶ 6194), provides in part as follows:

"Every hotel proprietor shall have a lien upon all the baggage and *effects* brought into said hotel by his guests for any and all proper charges due him from such guests for hotel accommodations," * * * (italics ours)

and section 1 of the Lien Act, Rev. St., ch. 82 (J. & A. ¶ 7179), states:

"Hotel, inn and boarding house keepers shall have a lien upon the baggage and *other valuables* of their guests or boarders brought into such hotel, inn or boarding house by such guests or boarders, for the proper charges due from such guests or boarders for their accommodations, board and lodgings and such extras as are furnished at their request." (italics ours)

A piano brought into a hotel by a guest must, in view of the foregoing language, be considered as part and parcel of either his or her *effects* or *valuables.*

Plaintiff further contends that even though defendant was entitled to a lien, yet under section 22 of the Replevin Act, Rev. St., ch. 119, (J. & A. ¶ 9207), the judgment was improper; that said section provides that where the evidence shows that the property was held by the defendant for the payment of money due, the judgment may be in the alternative viz, that plaintiff be ordered to pay the amount rightfully due defendant, within a certain time, or make return of the property; that in the case at bar the right of the defendant in the property, at best, was but a lien for money due, and that therefore the court should have entered a judgment in the alternative, and that its

failure to do so was error. This contention is raised for the first time in this court. We have carefully examined the record and find it barren of any request by plaintiff for such form of judgment; nor was any exception taken to the entering of the judgment complained of. Courts of review are opposed to reversing cases upon questions which should have been raised in the court below and which are raised for the first time on appeal or writ of error.

Other errors have been assigned, which we have carefully examined, but are of the opinion that they are without merit.

Finding no reversible error, the judgment of the Municipal Court of Chicago will be affirmed.

*Affirmed.*