John Reynolds, Plaintiff in Error, *v.* Amos B. Thomas *et al.,* Defendants in Error.

ERROR TO FULTON.

An action of forcible entry and detainer cannot be maintained against two or more, who hold in severalty.

Courts of law will not take cognizance of separate causes of action against different parties in the same suit.

This was an action of forcible entry and detainer, commenced by the plaintiff in error before a justice of the peace, in Fulton county, against the defendants in error, where there was a trial by jury, who found a verdict of not guilty. On this verdict there was a judgment for costs against the plaintiff, from which he appealed to the Circuit Court.

At the October term, 1855, before Thompson, Judge, presiding, a motion was for the first time entered to dismiss the suit, because of the insufficiency of the complaint, which motion was sustained, and the suit dismissed, to which the plaintiff excepted. Judgment was rendered in Circuit Court against the plaintiff, and he now brings the case to this court by writ of error.

The only error assigned is that the Circuit Court erred in dismissing the suit.

The complaint charges that the plaintiff was, on the first day of April, 1855, and had been for several months prior thereto, in the actual, peaceable and exclusive possession of a town lot described in the complaint, and of a two-story brick building thereon; that the plaintiff was the owner, and entitled to quiet

and undisturbed possession; that while the plaintiff was in such possession, Joshua R. Breed, alone or in concert with Caleb S. Hall, forcibly, violently and without right, entered upon the possession of the plaintiff, and forcibly, violently and wrongfully ousted the plaintiff from the possession of the lot and building; that the said Breed, John Kelley and Lorenzo Bolton, conspiring together to keep the plaintiff out of possession, leased the lower story of the building to Amos B. Thomas and Harvey Gaylord, (two of the defendants,) and the upper story to Benjamin Wells, for Harriet Wells, (the other defendant;) that the defendants thereby entered into the actual possession, were in possession when the complaint was made, and refused to surrender it on demand.

The complaint then avers that the defendants, before and at the time they leased and took possession of the premises from Breed, Kelley and Bolton, each knew that the plaintiff was in possession at the time of the forcible entry, and had been prior thereto; that one of them had been a tenant, and surrendered, on the evening before, to the plaintiff; and that they hold as tenants, and maintain the possession of Breed, Kelley and Bolton so obtained by force.

J. K. COOPER, and GOUDY and JUDD, for Plaintiff in Error.

W. KELLOGG, for Defendants in Error.

SKINNER, J.    This was an action of *forcible entry* and detainer. On motion of defendants below, the court dismissed the suit for want of a sufficient complaint, and this decision is assigned for error.

The complaint alleges that on the first day of April, 1855, the plaintiff was the owner and in the actual possession of a certain town lot (describing it), and a two-story building thereon; that while so in possession, one Breed forcibly entered and turned the plaintiff out of the possession thereof; that said Breed and others (named), conspiring together to keep the plaintiff out of possession, leased the lower story of the building to Amos and Harvey Gaylord, and the upper story to one Wells, and that they entered and hold possession against the plaintiff after demand, &c.; that defendants, at the time of taking their leases and taking possession, knew of the forcible entry of Breed, and hold under and maintain the possession of Breed.

The complaint shows that the defendants entered into and hold separate portions of the building in severalty, and not in common; that they entered and hold under separate leases and distinct portions of the premises.   An injury to or disturbance

of the possession of one tenant would not give an action therefor to the other, nor to all of them jointly.

Their interests and possessions are distinct, and the portion occupied by each tenant is as much his *castle* in law as if in a separate building and on different ground. This being an action in *tort* the plaintiff could have entered a *nolle prosequi* and so have avoided the misjoinder, but not choosing to do so, and the misjoinder appearing from the complaint, the court properly dismissed the suit.

In this case the complaint shows two distinct causes of action, each against different persons, and all are sued jointly.

This is not like a case where the parties go to trial without objection, and there is a special finding as to each defendant; but the objection is taken in nature of a demurrer, and the error appears upon the plaintiff's own showing.

The following cases hold—under a statute similar to ours—that an action of forcible detainer cannot be maintained against two or more who hold in severalty: *Kerr* v. *Phillips*, 2 Southard's R. 818; *Snedeker* v. *Quick*, 7 Halstead 129.

Courts of law will not take cognizance of separate causes of action against different parties in the same suit. 1 Chitty's Pl. 73; ibid. p. 1.

*Judgment affirmed.*