## HIRAM GOULD ET AL.
### v.
## EMMA C. HENDRICKSON.

1. FORCIBLE DETAINER—SEVERAL OWNERS.—A suit in forcible detainer cannot be maintained against two or more persons who hold in severalty. In certain cases, where the action is join t in its inception, and afterwards the tenancy is severed, all may be joined in one suit, but the verdict and judgment must be several.

2. DAMAGES.—There is nothing in the forcible detainer act authorizing the court to render a judgment in this form of action for money or damages.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed October 11, 1881.

Messrs. HALEY & O'DONNELL, for appellants; that this action cannot be maintained against parties holding in severalty, cited Reynolds v. Thomas, 17 Ill. 207; Kerr v. Phillips, 2 South. 820; Snedecker v. Quick, 7 Halst. 129.

The evidence failed to show that Charles Gould was in possession of the east forty. The fact that he was boarding there is not sufficient: Chiniquy v. Cath. Bishop, 41 Ill. 148; Gould v. Sternburg, 4 Bradwell, 439; Reynolds v. Thomas, 17 Ill. 207.

Damages cannot be recovered in this action: Nelson v. Cook, 17 Ill. 443.

A judgment for damages against all these defendants, was clearly erroneous: Reeves v. Reeves, 54 Ill. 332.

Messrs. BARBER & RANDALL, for appellee; that the testimony tended to show a fraudulent combination to defeat creditors, and the finding of the court will not be reversed unless it is clearly against the weight of evidence, cited Underhill v. Fake, 46 Ill. 50; Hall v. Lincoln, 46 Ill. 52; Voltz v. Stephani, 46 Ill. 54; Crain v. Wright, 46 Ill. 107; Demoss v. Hannaman, 46 Ill. 185; Carrigan v. Hardy, 46 Ill. 502; T. W. & W. R. R. Co. v. Harmon, 47 Ill. 298; Hope Ins. Co. v. Lonergan, 48 Ill. 49; Kuhnen v. Blitz, 56 Ill. 171.

Where it is manifest from the whole record that substantial justice has been done, the court will not reverse: DeClurg v. Mungin, 46 Ill. 112; Gillett v. Sweat, 1 Gilm. 475; Greenup v. Stoker, 3 Gilm. 202.

LACEY, J. This was a suit of appellee against Hiram, George and Charles Gould and David Easton, in action of detainer, commenced before a justice of the peace for the recovery of the possession of S. ½ S. E. ¼ Sec. 9, 32 N. 10 E. 3d P. M. On appeal to the circuit court it was tried by the court without the intervention of a jury. The court found the issue for appellee, and her damages to be $200, gave judgment of restitution and for the damages found, and ordered execution. From this judgment Hiram and Charles Gould appealed to this court and assign for error the rendering of such judgment.

The appellee derived title to the premises through a sheriff's deed, accruing under a sale on execution issued on a judgment in favor of John S. Hendrickson against Hiram Gould and one Morgan. After issuing the execution a bill in chancery was filed by the plaintiff in execution against Hiram and James Gould, his father, to set aside a conveyance from the former to the latter as fraudulent, which resulted in a decree of the circuit court granting the prayer of the bill and declaring Hiram Gould to be the owner at the date of levy under the execution. Charles Gould was not a party to the bill. It appears from the evidence pretty clearly that Hiram Gould's dwelling stands on the east forty of the 80-acre tract in question. That at least a year before the trial the Goulds all lived in the house on the east 40-acre tract.

There was not much improvement except the house and a small barn. It appears that Charles Gould claimed the west 40-acre tract, but had no claim to the east 40. That Hiram Gould lived on the east 40-acre tract and had no claim to the west, and that Daniel Easton lived on the west half as the tenant of Charles Gould.

It appears that Charles Gould claimed title to the west half by deed from James Gould to him. There is nothing in the evidence going to show that Hiram and Charles Gould were

Gould v. Hendrickson.

holding or claiming to hold in common this tract of land in controversy. One held the east and the other the west half.

A suit in forcible detainer cannot be maintained against two or more persons who hold in severalty. Reynolds v. Thomas et al. 17 Ill. 207. By Sec. 15 Chap. 57 R. S. 1874, it is provided in certain cases where the case is joint in its inception, and afterwards the tenancy is severed, all may be joined in one suit, yet the verdict and judgment must be several, and by Sec. 17 of the same act, if too many are joined, the court may render judgment against those found guilty only and dismiss as to the others. There appears to be another insuperable objection to the judgment of the court below, in the fact that it rendered judgment for $200 for damages. We have carefully examined Chap. 57 R. S. 1874, known as the forcible entry and detainer act, and we find no warrant or authority in that section or any other to authorize a court to render judgment in this form of action for money or damages. It is true, in Brush v. Fowler, 36 Ill. 53, the Supreme Court refused to reverse a judgment in forcible detainer where the verdict and damages were for one cent, though they held " damages could not be allowed in such actions." This no doubt was for the reason that the damages were merely nominal, and the verdict otherwise was right. But here is a recovery for a large amount of money, which cannot be recovered in this action. Besides, to make Hiram pay damages for the action of Charles for withholding the possession of the west tract, and Charles pay for Hiram's wrong in withholding the east part, would be very unjust to both.

For above reasons the judgment is reversed and the cause remanded.

Reversed and remanded.