## New Music Hall Co. v. Orpheon Music Hall Co.

1. EQUITY PRACTICE—*Application for Injunctions.*—Where an application for an injunction is made upon a bill in chancery, to which no answer or affidavits have been filed by the defendant, the bill, in considering whether the writ has been properly issued, must be taken as true so far as the matters alleged are well pleaded.

2. INJUNCTIONS—*Restraining the Service of a Writ of Restitution.*—An attempt by process of law against one party, to subject another party to the inconvenience of being turned out of the possession of property of which he is in the lawful possession, without any judgment or process against him, is one that equity will expeditiously interfere with, by injunction.

3. SAME—*When Properly Issued Without Notice.*—The court gives, in the opinion, a copy of the affidavit filed with the bill upon which an injunction was held to have been properly issued in this case, without notice.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County, the Hon. EDWARD P. VAIL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed February 21, 1902.

JACOB W. LOEB and NEWMAN, NORTHRUP & LEVINSON, attorneys for appellant.

EDWARD J. JUDD, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is an appeal from an interlocutory order of injunction granted on a bill filed by the appellee against the appellant and Ernest J. Magerstadt, sheriff of Cook county.

The bill alleges, as shown by the abstract, "that complainant is now in possession of rooms 22, 23, 38, 39, 40 and 41 of the building known as Nos. 122 to 130 Washington street, in the city of Chicago, and conducting a theater and music hall on said premises; that Ernest J. Magerstadt, sheriff of Cook county, by virtue of a writ of restitution in favor of New Music Hall Company and against Mark G. Lewis, Louis M. Houseman and others, threatens to take possession of said premises and oust complainant. Your orator further represents that said writ of restitution was issued out of the Superior Court of Cook County in a chancery case to which your orator was not and is not a party; that your orator was never at any time served with any process in said case; that your orator never at any time, by itself or through any solicitor, entered its appearance in said case; that your orator has nothing whatever to do with said case; that in fact your orator was not incorporated or in existence until long after the suit above mentioned was begun; that said sheriff has no right to dispossess complainant under said writ; that complainant is conducting a lucrative theater business on said premises and will suffer great damage if dispossessed by the sheriff, from loss of the use of said premises and the destruction of its business, and will incur liability for breach of contract to theatrical performers, and will be deprived of large profits; that the defendant New Music Hall Company is insolvent and financially irresponsible."

No answer or affidavits having been filed by appellant, the bill must be taken as true, so far as the facts alleged are well pleaded, in considering whether the injunction was properly issued.

The main argument of appellant is based upon what does not appear in the bill, to wit, that the complainant, being a

purchaser *pendente lite*, is bound by the decree of the Superior Court in the cause out of which the writ of restitution issued. We can not consider that question. The bill alleges nothing from which such fact appears or may be inferred. The injunction was issued on the bill alone, and we have nothing else before us.

Appellant contends, next, that the alleged insolvency of the New Music Hall Company is not sufficient to confer jurisdiction in equity for the enjoining of a mere trespass, such as is charged. But it is not contended by appellee that insolvency of the person about to perpetrate the trespass, is alone sufficient, but that it is only an additional reason for the relief asked. So far as the bill shows, the case made is for an injunction against throwing out of possession, by means of a writ of restitution, one who was never a party, and who had never entered his appearance in the suit out of which the writ issued. So far as appears, the appellee was a perfect stranger to that suit. It is a plain case of an attempt by process of law against one party, to subject another party and a stranger, to the inconvenience of being turned out of the possession of property which he is in lawful possession of, without any judgment or process against him, and is one that equity will expeditiously interfere in. (Goodnough v. Sheppard, 28 Ill. 81.) The case of Goodell v. Lassen, 69 Ill. 145, cited by appellant, is a very different case from this one, and is not applicable to the facts stated in the bill before us.

But it is said that the complainant should have proceeded by motion in the Superior Court to recall its writ of restitution, instead of filing this bill in the Circuit Court. That might and probably would be so, if appellee were a party or privy to that suit. Undoubtedly the Superior Court would have complete control over its own process, on the motion of one who is a party or privy to such suit, but there was certainly no error in the Circuit Court taking jurisdiction in a case where it is so broadly alleged, as here, that the complainant was never made a party to it, and had nothing whatever to do with the Superior Court case.

Shenehon v. Illinois Life Ins. Co.

The Superior Court would not be bound to admit a stranger into the litigation and adjudicate his rights, as well as those of the parties to the suit. Again, we have got to accept the rights of the complainant as made by it, in its bill.

It is, however, finally urged by appellant that the affidavit upon which the injunction was issued without notice, is insufficient.

The material part of the affidavit, so far as this question is concerned, is as follows:

"This affiant further says that he expects and fears momentarily that the sheriff of Cook county will act under the writ of restitution described in said bill of complaint; that the premises in question are across the street from the court house, and that if notice of an application for a temporary injunction in this cause were served upon said sheriff he could execute said writ before said application could be made, or said injunction granted."

We think the affidavit is certain enough. It states the fear that the sheriff will act, and the other part is a mere statement that he was so situated that he could act before the application was made or heard. The fear is stated positively that the sheriff will act: the balance might be omitted from the affidavit without harm to it. The other objection to the affidavit, that it states only a conclusion of undue prejudice, is true enough so far as the affidavit only is concerned, but the bill states facts from which the court could see that the rights of complainant would be unduly prejudiced if the injunction were not issued immediately and without notice. We discover no error in the order, and it is affirmed.