## The Town of Ross v. G. A. Collins.

1. Towns—*No Limitations upon Right to Bring Suit Against.*—The statute provides that towns may be sued on their contracts in law or equity, and being liable to be sued and no limitation being imposed as to the character of the claim, it will be presumed that the General Assembly intended that suits might be brought in all cases, as the language of the statute is sufficiently broad and comprehensive as to embrace them.

2. Same—*Commissioners of Highways May Hire Tax List Made Out.*—Section 85 of the road law requires the commissioners to direct the

Town of Ross v. Collins.

clerk of the town to make a copy of the list, and even if this were not true, it is made the duty of the commissioners, and they are given the power, to cause these lists to be made, which includes the authority to employ the necessary services for that purpose.

3. SAME—*Town Clerk Entitled to Per Diem Allowance for Making Out Tax Lists.*—The town clerk is entitled to a *per diem* allowance for making out the tax lists; such labor does not fall within any of the services described in the proviso of Art. 15, Ch. 139, R. S., for which fees are prescribed.

Assumpsit.—Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

G. W. SALMANS and FRED DRAPER, attorneys for appellant.

I. A. LOVE and W. R. JEWELL, JR., attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was an appeal from a justice of the peace, in which appellant was sued by appellee for compensation for services rendered in his official capacity as town clerk. A jury was waived, and the trial by the court ended in a finding and judgment against appellant for $46, to reverse which it prosecutes this appeal.

The grounds upon which a reversal of the judgment is sought, as argued by counsel for appellant, are, (1) that before a town officer can sue his town he must first present his claim to the supervisor, whose duty it is, under the law, to submit it to the board of town auditors; and (2) the services performed, and for which compensation is sought, were not services required of him by law to be performed, but such duty devolved upon the commissioners of highways.

By direction of the commissioners of highways of the town, appellee made the tax lists for the town, under the provisions of the law concerning road labor, that system being in vogue in the town. To do this work it was necessary to go to the office of the county clerk at the county

seat, outside the town. Appellee, as he testified, and he is not disputed, was employed sixteen days at his work, and served four days at meetings of the commissioners, for which he had not been compensated. A bill of $40 for the work on the tax lists was presented to the supervisor, but he refused to pay it.

The point that the claim should have been presented to the board of town auditors before a suit can be maintained upon it, is without force, for the reason no such condition has been prescribed in giving the right to sue it. The present statute is the same in substance as the statute referred to in Elrod v. Town of Bernadotte, 53 Ill. 368, where it was said that towns may be sued on their contracts in law or equity, and being liable to be sued, and no limitation being imposed as to the character of the claim, it will be presumed the General Assembly intended that suits might be brought in all cases, as the language of the statute is sufficiently broad and comprehensive as to embrace them. No doubt the better practice would be to present claims to the auditors before suing upon them, but we have no power to add such a condition to the statute. If it is understood by claimants that their demands will be allowed, we have no doubt that good business methods will generally secure their presentment to the auditors; but in the case we are considering, the claimant was refused payment; and when suit was brought to enforce his demand, the town denied its liability to him, and defended upon that ground, and still, in this court, insists upon such defense; so that it is plain that to have presented the claim to the auditors, as counsel insist it ought to have been, would have resulted in its disallowance, and it would have been unreasonable to require the performance of useless acts. Had the town authorities a real purpose to avoid a suit at law in the courts, it could have done so by auditing the claim and tendering payment; but instead of this, they caused the suit to be defended, and disputed all liability to appellee.

The next point, that the services performed by appellee were not such as the law required of him, is a misappre-

hension of the statute; section 85 of the road law requires the commissioners to direct the clerk of the town to make a copy of the list, and even if this were not true, it is made the duty of the commissioners, and they are given the power, to cause these lists to be made, which includes the authority to employ the necessary services for that purpose.

It is also argued that the nature of the services did not justify a *per diem* allowance, but this also is a misunderstanding of the statute—section 1, article 15, of chapter 139, Rev. St.—which provides the town clerk shall receive for his services $2.50 per day when attending to town business out of town, and $1.50 for town business in town, provided, he shall receive fees, and not a *per diem*, for serving notices of election upon town officers; for filing any paper required by law to be filed; posting up notices when required by law; for recording any order or instrument of writing authorized by law; for copying any record in his office, and certifying to the same, and for copying by-laws for posting or publication. It is clear that the making of the tax lists does not fall within any of the services described in the proviso of the section from which we have recited.

The finding and judgment of the trial court being right, the latter will be affirmed.