# Charles F. Forster, Appellee, v. Fruin & Walker Company et al., Appellants.

## Gen. No. 18,494.

INJUNCTIONS—*when proper to maintain status quo.* In a bill charging that certain directors and officers of a corporation are misappropriating the earnings of the company by paying themselves large salaries it is proper for the court in the exercise of a sound discretion to grant an injunction which has for its purpose and effect the maintenance of the *status quo* until the subject-matter of the litigation shall be determined.

Bill for injunction. Interlocutory appeal from the Superior Court of Cook county; the HON. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed April 25, 1912. Rehearing denied May 9, 1912.

HARRIS F. WILLIAMS, for appellants; ELDON M. VO-
TAW, of counsel.

SHEPARD, McCORMICK & THOMASON, for appellee;
PERRY S. PATTERSON, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the
court.

This is an appeal from an interlocutory injunction.
Charles F. Forster, the complainant, appellee here,
filed a bill in the Superior Court, alleging, in brief,
that he was one of four stockholders in the Fruin &
Walker Co., a corporation, the defendant company,
and that the other three stockholders, who were its
only directors and officers, were misappropriating the
earnings of the company by paying themselves large
salaries. The complainant prayed for an injunction
restraining the company from paying these salaries,
for an accounting, a restoration to the corporation
of the moneys so appropriated, and for other relief.
To this an answer was filed by the defendants, and
upon notice and after argument the chancellor entered
the interlocutory order in question. By this order the
defendants, Fruin & Walker Company and John L.
Fruin, were directed to "cease and refrain from pay-
ing any compensation whatsoever, whether by way
of money, check, note or otherwise, to the defendant,
John L. Fruin, or any of its officers or directors, or
any of or either of them, as salary or salaries for serv-
ices rendered to the defendant, Fruin & Walker Com-
pany, until the further order of this court."

We purposely refrain from any extended statement
of the facts as they appear from the record, and from
any statement of the considerations leading to our
conclusion, for the reason that such statements might
be construed as indicating an opinion as to the merits
of the controversy, and this we wish to avoid. We

content ourselves with quoting at length from Bixler v. Summerfield, 195 Ill. 147 (150):

"In Green v. Hedenberg, 159 Ill. 489, we said (p. 493) : 'It is well settled in this State, that, where the officers of a corporation wrongfully deal with its property to the injury of stockholders, the latter may maintain a bill against the company and its officers for relief against such misappropriation.' If, as is alleged in substance in the bill, the stock held by the appellant was impaired in value by a misappropriation of the corporate funds, there is no good reason why the appellant might not, as might any other stockholder, maintain his bill for relief. Such misconduct of the corporate officers may be no cause for a dissolution of the corporation at the suit of a minority stockholder. (Waterbury v. Merchants' Union Express Co. 50 Barb. 157; Belmont v. Erie Railway Co. 52 id. 637; 2 Cook on Corp.—4th ed.—sec. 629, note 5.) But where the board of directors of a corporation 'vote large pay to themselves, evidently in bad faith, and with a view to depriving the corporation of more than a reasonable proportion of its net earnings, a dissenting stockholder may file a bill in equity to have the amount recovered back.' (2 Cook on Corp.—4th ed.—sec. 657, and cases cited in notes.) If one family, holding the majority of the stock of a corporation, vote away the corporate profits for salaries, the minority may call upon a court of equity to remedy the fraud. (Ibid.; Sellers v. Phoenix Iron Co. 13 Fed. Rep. 20)."

As to the interlocutory injunction before us, we cite and adopt as applicable here, the language used in the opinion in West Side Hospital v. Steele, 124 Ill. App. 534 (543):

"The court having jurisdiction in equity, as we think, to hear and determine the case presented by the bill, the next question is, did the court improperly exercise its discretionary power in granting the temporary orders appealed from.

The rule governing us on this question is that unless it clearly appears that the court below improperly ex-

ercised its discretionary powers in issuing the injunction *pendente lite* the order should be affirmed. New Ohio W. C. Co. v. Coal Belt Ry. Co., 116 App., 153; High on Injunctions (4th ed.), sec. 1696; New Music Hall Co. v. Orpheon Music Hall, 100 Ill. App. 278."

We think the showing before the court was sufficient to justify it in entering the temporary order. It had merely the effect of holding matters in *statu quo* until the final disposition of the case, and in so doing we find no abuse of the discretionary powers of the chancellor. The order is affirmed.

*Affirmed.*