McAllister v. Robinson, 208 Ill. App. 37.

alleged in the bill but does not conclude them as to any conclusion
of law averred therein.

4. EQUITY, § 461*—*how decree pro confesso may be attacked as
to averments of conclusions of law in bill.* As to conclusions of
law averred in a bill, a decree *pro confesso* may be attacked after
its rendition by appeal or writ of error on the ground that the
allegations in the bill do not sustain it.

## Robert V. McAllister, Appellee, v. Elmer Robinson et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Coles county; the Hon. JOHN
H. MARSHALL, Judge, presiding. Heard in this court at the April
term, 1917. Affirmed. Opinion filed October 11, 1917. Rehearing
denied December 1, 1917.

### Statement of the Case.

Bill by Robert V. McAllister, complainant, against
Elmer Robinson and others, defendants, for partition
of certain premises owned as tenants in common by
complainant and one of the defendants whose husband,
the other defendant, occupied the premises as a tenant.
From a decree finding that the lease expired March 1,
1917, and ordering delivery of possession at that time,
defendants appeal.

The tenant's occupation of the premises began un-
der an oral lease for one year, terminating March 1,
1913, for a rental of $400, for one-half of which he gave
his note to complainant for one year, at the maturity of
which and termination of the year's tenancy he paid
the note and gave a note for a like amount for another
year, repeating the transaction until March 1, 1916,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

when complainant refused to release at the same rent.
By arbitration the rent for the ensuing year was fixed
at the same amount and a new note for $200 was given
to complainant for his half of the rent for that year.
Bill for partition was filed averring termination of the
tenancy March 1, 1917. Defendants' answer stated
that the tenancy was from year to year and that no
written notice had been served.

ALBERT C. and BEN F. ANDERSON, for appellants.

CHARLES C. LEE, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the
court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 88*—*when tenancy from year to
year is created.* A tenancy from year to year is created where the
tenant is permitted to hold possession of land after termination of
his lease without any new agreement and without failing or re-
fusing to pay the rent, and he does not claim adversely to his
landlord.

2. LANDLORD AND TENANT, § 87*—*when tenancy from year to
year is not created.* Where a tenant under an oral lease for a year
at an agreed rental gave his note therefor payable at the end of the
year, when he again entered into an oral lease for another year
at the same rental, for which he gave his note payable as before,
and renewed the transaction for several years, until at the end of
the last year the landlord refused to release at the same rental and,
on arbitration, the rental was fixed for the ensuing year by the
arbitrators and the tenant gave his note therefor payable at the
end of that year, *held* that the last lease was a special contract for
that year, at the rental agreed upon, terminating at the end of
the year, and was not a tenancy from year to year, and the tenant
was bound to deliver up possession at that time without notice to
quit.

3. PARTITION, § 54*—*when evidence in suit for is at variance
with answers.* Where a brother and sister were tenants in common
of certain real estate in possession of the sister's husband as a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Arthur Lehman & Co. v. Slat et al., 208 Ill. App. 39.

tenant under a lease from her brother, to whom one-half of the agreed rental was paid, *held*, in a suit for partition brought by her brother against her and the husband in which their respective answers alleged that the husband was a tenant from year to year of the whole premises, that her testimony that her husband was a tenant from year to year of her undivided half in the premises could not be considered as an admission binding upon plaintiff, as no such issue was raised by the answers.

Arthur Lehman & Company et al., Appellees, v. Thomas Slat and Antoniga Slat, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded with directions. Opinion filed October 11, 1917.

### Statement of the Case.

Bill by Arthur Lehman & Company and others, complainants, against Thomas Slat and Antoniga Slat, defendants, to subject certain real estate purchased in the name of the defendant Antoniga Slat, wife of the other defendant, to the executions of certain judgments secured by complainants against the latter defendant on the ground the deed to her of said premises was made for the purpose of defrauding his creditors. From a decree in favor of complainants, defendants appeal.

J. E. HOGAN, for appellants.

GEORGE T. WALLACE, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.