Harvey Mills, Appellant, v. N. L. Reiger et al., Appellees.

Gen. No. 43,508.

Opinion filed March 11, 1946. Released for publication March 25, 1946.

THADDEUS B. ROWE, of Chicago, for appellant.

HAROLD OMAR MULKS, of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff appeals from a decree entered March 9, 1945, dismissing his complaint for want of equity, from an order dissolving a preliminary injunction granted upon the filing of the complaint and another order assessing damages against him in the sum of $164.

The facts are few and practically undisputed. The controversy arises out of a judgment entered in favor of Reiger, against Johnson, for possession of the third floor apartment of the premises known as 6023 Vernon avenue in the City of Chicago. Reiger had made a written lease of the entire flat to Johnson. Afterwards, either Reiger or Johnson (we think it immaterial which) made an oral lease of two rooms in the apartment, with the right to joint use of a kitchen with

other tenants, to Mills. Reiger says that Mrs. Reiger worked for Johnson and collected the rents with his knowledge. Mills went into possession of his two rooms, with the right to use the kitchen in common, on May 8, 1943, and has ever since remained in possession and paid rent as agreed at the sum of $48 per month.

December 7, 1944, Reiger sued Johnson in forcible entry and detainer to obtain possession of this apartment. Reiger and Johnson were friends. No demand was made on Johnson either for possession or the payment of rent. Johnson was well able to pay any rent that might be due. Mills was not made a party to this suit. He was not notified in any way, and he had no knowledge the suit was pending.

On the return day of the summons Johnson appeared, admitted rent was due, and judgment was given for Reiger against Johnson for possession of the entire flat. This was on December 15, 1944. Again, Mills had no knowledge or notice of the court proceeding or the fact that Reiger was suing for possession of the premises. The court gave Johnson five days to vacate the premises. Again, Mills was not notified and was without knowledge. At the end of five days Reiger caused a writ of restitution to issue against Johnson, and a deputy bailiff of the municipal court appeared and demanded Mills vacate the apartment. Mills exhibited his receipts for payment of rents and was told he would be given a few days further, when the deputy would return to execute the writ. Johnson, as a matter of fact, was not in possession of any part of the premises at the time the judgment in forcible entry and detainer was rendered.

Thereupon, Mills filed his complaint praying a preliminary and, upon the hearing, a permanent injunction against the execution of the writ of restitution. Reiger, Johnson and the bailiff were made parties defendant. The preliminary writ of injunction was is-

sued. Defendants Johnson and Reiger answered the complaint. The cause was heard in open court with results stated in the first paragraph of this opinion.

■■ Plaintiff Mills claims his suit was rightfully brought under section 15 of chapter 57 of the Illinois Revised Statutes 1945 [Jones Ill. Stats. Ann. 109.276]. The courts have so construed the statute in *Espen v. Hinchliffe,* 131 Ill. 468, and in *Rehm v. Halverson,* 197 Ill. 378, it has been held that a right of action, under the circumstances here disclosed, might have been maintained against Mills alone. At any rate, unless the subtenant entered into possession *pendente lite* he cannot be put out on a writ issued on a judgment rendered in a case of which he had no notice and to which he was not a party. *Leindecker v. Waldron,* 52 Ill. 283; *Bushong v. Rector,* 32 W. Va. 311, 9 S. E. 225; *Moses v. Loomis,* 55 Ill. App. 342, affirmed in 156 Ill. 392. Moreover, equity gives a speedy remedy against any attempt to dispossess in this way any person rightfully in possession, under circumstances such as here appear. The facts above recited were all disclosed on the hearing before the chancellor. *New Music Hall Co. v. Orpheom Music Hall Co.,* 100 Ill. App. 278.

■■ It is contended in behalf of Reiger the description of the premises in the complaint as "a part of the accommodations of the third floor apartment" is "insufficient" to confer jurisdiction on the court. Mills, it is said, was not in possession of the whole third floor, either alone or jointly with Johnson. *Gould v. Hendrickson,* 9 Ill. App. 171; *Godard v. Lieberman,* 18 Ill. App. 366, are cited. There is no merit in this contention. At any rate, it cannot prevail in this case for the additional reason that it was not raised in the trial court. *Corelis v. Chicago, B. & Q. Ry. Co.,* 244 Ill. App. 47; *Esmond v. Esmond,* 142 Ill. App. 233; *Baldwin Co. v. Keeley,* 198 Ill. App. 287; *McAllister v. Robinson,* 208 Ill. App. 37. A case cannot be tried on one theory in the trial court and another

and different theory in the Appellate Court. *Syroishka v. Pieniozek,* 327 Ill. App. 218, 63 N. E. (2d) 675; *Rodenkirk for use of Deitenbach v. State Farm Mut. Automobile Ins. Co.,* 325 Ill. App. 421, 60 N. E. (2d) 269.

The decree and the orders appealed from will be reversed and the cause remanded with directions to make the temporary injunction permanent.

*Reversed and remanded with directions.*

O'Connor and Niemeyer, JJ., concur.