John McFarland, Appellee, v. Town of Bourbonnais, Appellant.

Gen. No. 10,387.

Opinion filed January 10, 1950. Released for publication February 9, 1950.

DYER & DYER, of Kankakee, for appellant.

GOWER, GRAY & GOWER, of Kankakee, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

The plaintiff, John McFarland, seeks, in this case, to recover $1,800, his salary as overseer of the poor for the period between the annual town meeting of the defendant in April 1946, and the annual town meeting held in April 1947.

The complaint alleged that the defendant, Town of Bourbonnais, was a municipal corporation, and that the plaintiff, John McFarland, was the duly elected, qualified and acting supervisor of defendant during the said period and that as such supervisor his duties included those of overseer of the poor, which duties he discharged during said period; that the board of auditors of defendant fixed his salary as overseer of the poor at $1,800 for said year; that taxes were levied and collected sufficient to pay his said salary but that he had not been paid and prayed for judgment against the defendant for $1,800 and costs.

The defendant answered and admitted the several allegations of the complaint except that it denied that

plaintiff had not been paid his salary as overseer of the poor for the fiscal year in question. The answer further alleged that plaintiff, as such supervisor and overseer of the poor and ex-officio treasurer of defendant, sold three tax anticipation warrants totaling $2,500 against the amount levied for salaries of town officers for said fiscal year; that all of the money received on the three warrants except $62.10 was expended by vouchers issued by plaintiff and paid by him as treasurer of defendant; that $2,612 of said levy (being the aggregate amount of said three tax anticipation warrants and interest thereon as therein provided) did not become a part of defendant's funds except to pay the three warrants sold by plaintiff together with interest thereon.

The answer further alleged that plaintiff was paid $900 on November 25, 1946, out of the $2,500 realized from the sale of said tax anticipation warrants, and that this payment was made to apply upon his salary for the fiscal year in question; that the plaintiff unlawfully expended $548.60 out of said $2,500 realized from the sale of said tax anticipation warrants for purposes other than compensation of town officers and that plaintiff's successor in office was compelled to pay $112 interest on the said warrants from taxes levied to pay salaries of town officers and that plaintiff had, therefore, been paid $1,560.60 on his salary for the year in question. By its answer, defendant admitted it was indebted to plaintiff on his said salary as overseer of the poor for the difference between the latter sum and plaintiff's $1,800 salary, being the amount of $239.40, and tendered this sum to plaintiff and prayed that the suit be dismissed.

The defendant also filed a counterclaim in which he alleged that of the funds realized from the sale of the three tax anticipation warrants referred to in the answer, plaintiff wrongfully and unlawfully expended

$660.60 thereof for purposes other than the payment of compensation of town officers, the purpose for which said tax anticipation warrants were sold and prayed for judgment on its counterclaim for that sum. Plaintiff answered the counterclaim and denied its allegations and denied that he had wrongfully and unlawfully expended any of the defendant's funds. The issues thus made by the pleadings were submitted to the court for determination upon a stipulation of facts resulting in a judgment in favor of the plaintiff for $1,800 and costs, and defendant appeals.

The stipulation entered into by the parties recites that plaintiff was supervisor and overseer of the poor for defendant for the fiscal year 1939–40, beginning on April 6, 1939, and continued as such officer for each subsequent year thereafter until the year ending on April 5, 1947, or a total of eight years; that his annual salary as such overseer was $1,800 and during said eight-year period he had drawn a total of $12,600 as his salary for such services. The dates upon which the various payments were made and the amounts paid on such dates were stipulated. It was also stipulated that the first payment on his salary was made on June 27, 1940, and was in the sum of $900 and that the last two payments were made on June 18, 1946, and on November 25, 1946, respectively, each in the sum of $900; that eighteen payments on plaintiff's salary were made in the interim between the first payment made on June 27, 1940, and the payment made on June 18, 1946, in sums ranging from $200 to $900; that at the beginning of 1946, there was on hand in the supervisor's fund of defendant the sum of $582.64; that on November 27, 1946, the board of town auditors of defendant passed a resolution authorizing the sale of tax anticipation warrants against the taxes levied for the year 1946 not to exceed the sum of $4,000 for salary purposes and that pursuant to said resolution,

a tax anticipation warrant in the sum of $1,000 was delivered by defendant to one Ernest McFarland, who paid that sum therefor in advance on November 25, 1946; that pursuant to said resolution of November 27, 1946, the defendant, on March 17, 1947, also sold and delivered another anticipation warrant in the sum of $1,000 to the said Ernest McFarland and, also, pursuant to the same resolution, another anticipation warrant in the sum of $500 was sold and delivered to Ernest McFarland on March 25, 1947; that no other monies were paid into the supervisor's fund of defendant between November 25, 1946, and April 5, 1947, except the sum of $10.

It was further stipulated that from November 25, 1946, to April 5, 1947, plaintiff, as such supervisor, spent from the supervisor's fund the sum of $1,889.30 for salaries of town officers, which said sum included the $900 paid to plaintiff on November 25, 1946, on his salary as overseer of the poor; that during said period plaintiff also spent other sums from said fund for certain specified purposes not now material; that at the time plaintiff's term expired as supervisor and overseer of the poor on April 5, 1947, there was a balance of $62.10 remaining in the supervisor's fund of defendant, which balance was paid over to his successor in office; that the three tax anticipation warrants aforesaid were paid after the 1946 tax monies were received by defendant, together with $112 interest thereon, by plaintiff's successor, the redemption of said warrants not having taken place until after plaintiff's term expired.

From these stipulated facts the trial court found that there was due the plaintiff for services from the defendant as overseer of the poor from 1939 to 1947 (a total of eight years) the sum of $14,400 and that $12,600 had been paid thereon, which left a balance of $1,800 due plaintiff and judgment was entered for

that sum in favor of plaintiff and against defendant. The trial court also found that there was nothing in the stipulation of facts to indicate that the plaintiff had misappropriated or illegally spent any of the defendant's monies or that there was any irregularity in the conduct of his office and accordingly rendered judgment against the counterclaimant and dismissed the counterclaim.

Appellant insists that the plaintiff in this proceeding seeks only to recover his salary of $1,800 for the year 1946–47, as overseer of the poor; that the trial court erroneously treated the instant action as one for an accounting for the entire eight-year period during which plaintiff was in office instead of an action in which plaintiff sought to recover his salary for the year 1946–47 and that the trial court erroneously reached the conclusion that since the total of all salary payments earned during said eight-year period was $14,400 and that plaintiff, during said period, had received only $12,600, that therefore $1,800 remained due to plaintiff as salary for the year 1946–47.

In *Fornoff v. Smith,* 281 Ill. App. 232, at page 236, it is said: "It is a fundamental rule, with no exceptions, that a party must recover, if at all, on and according to the case he has made for himself by his pleadings. He cannot make one case by his averments, and have judgment on another and different ground, even though the latter is established by the proof." By his complaint in this action, plaintiff sought to recover his salary for the fiscal year beginning with the annual town meeting held in April 1946, and ending with the annual town meeting held in April 1947. The stipulation recites that on November 27, 1946, the board of town auditors of appellant passed a resolution authorizing the sale of tax anticipation warrants for the payment of salaries of town officers in a total sum of $4,000 against the year 1947 and that on said

date, a warrant in the sum of $1,000 was issued pursuant to this resolution and delivered to one Ernest McFarland, who two days earlier had advanced $1,000 therefor, and that on November 25, 1946, plaintiff paid himself the sum of $900 on his salary as overseer of the poor for the defendant. Appellee insists that this payment was made to apply on his salary for some prior year, while appellant contends that it was paid on his salary for the fiscal year ending on April 5, 1947. While the stipulation recites that plaintiff paid himself a like sum of $900 on June 18, 1946, appellant does not contend that this amount was a payment to appellee upon his salary for the fiscal year ending April 5, 1947.

 The funds and levies of each year are to be used for the expenses and work of the current year. *Austin-Western Road Machinery Co. v. Wetzel,* 264 Ill. App. 254, 264. Taxes levied for a specific purpose must be applied to the purpose for which they were levied. *Wabash R. Co. v. People,* 187 Ill. 289, 297; *People v. Hamilton,* 366 Ill. 455, 462. Since the $900 which appellee paid himself on November 25, 1946, was obtained from the sale of an anticipation warrant levied against the taxes for the year 1946, this payment necessarily had to apply on the salary of plaintiff for the fiscal year ending April 5, 1947. It could not have been used, under the authorities, to pay the salary of any prior year. Appellee, therefore, at the time of filing his suit, had already received $900 on his salary for the year for which he sought to recover.

 Appellant also insists that the trial court erred in rendering judgment on the appellee's claim for salary for overseer of the poor when his claim had not been audited and approved by the board of town auditors. This point was not made an issue in the trial court and therefore cannot be raised for the first time in this court. (*Chicago Title & Trust Co. v.*

*DeLasaux,* 336 Ill. 522; *Hedlund v. Miner,* 395 Ill. 217, 232; *Mills v. Reiger,* 328 Ill. App. 230, 233.) It appears, however, from the stipulation that appellee's claim for salary as overseer of the poor had been previously fixed by the board of town auditors at a certain definite sum, and, being contractual in nature, it is not required that it be audited prior to the institution of suit thereon for nonpayment. (*Town of Ross v. Collins,* 106 Ill. App. 396, 398.)

■■ It does not appear from the stipulation of facts that appellee misappropriated or illegally spent any of the funds which were intrusted to him and to his care, and the judgment dismissing the counterclaim was therefore correct. Inasmuch, however, as the complaint sought specifically to recover for nonpayment of salary for the fiscal year ending April 5, 1947, appellee must therefore be confined to a recovery of his salary for that year upon which, it is stipulated, a payment of $900 was made on November 25, 1946. The trial court therefore erred in rendering judgment in appellee's favor for $1,800 and that judgment must be reversed and the cause is remanded with directions to render judgment in appellee's favor for $900 and costs.

*Reversed and remanded with directions.*