Paul True, Plaintiff-Appellant, v. Civil Service Commission of City of Waukegan, Illinois et al., Defendants-Appellees.

Gen. No. 10,650.

Opinion filed May 15, 1953.

Released for publication May 29, 1953.

RAY F. THIESSE, of Chicago, for appellant.

FRANK M. DALY, Corporation Counsel, of Waukegan, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

The chief of the fire department of the City of Waukegan, Illinois, filed written charges against Paul True, one of the firemen of said city, charging that he was physically incapable of performing his duty as a fireman, and that such physical incapacity was prejudicial to the good order of said fire department. This petition

was filed with the Civil Service Commission for the City of Waukegan. Paul True received a copy of the petition and was notified of the time of the hearing. Several hearings were had, and the charges against True were amended. True, through his attorney, filed a motion to quash the amended charges, but was overruled. True was present and accompanied by his attorney at each and every one of the hearings. After quite lengthy hearings, the commission found that Paul True was physically disabled and incapable of performing his duties as a fireman, and discharged him from further service with said department.

On April 8, 1950, the appellant, Paul True, filed his complaint in the circuit court of Lake county for administrative review of the decision of the Civil Service Commission of the City of Waukegan, Illinois. On March 28, 1952, the circuit court of Lake county, Illinois, rendered its decision sustaining the decision of the commission discharging the said Paul True from his civil service job, as fireman in the Waukegan fire department. From this order of the circuit court an appeal has been perfected to this court.

It is first contended by the appellant that the entire proceedings, including the charge as filed and the hearing thereon, were in direct violation of the rules of the Civil Service Commission, and therefore illegal and void. The appellees point out that this question was not raised before the commission, or before the circuit court, and cites a well-known rule that a new point cannot be raised for the first time in the Appellate Court. In the case of *McFarland v. Town of Bourbonnais,* 339 Ill. App. 328, this court was presented with a similar question, and we there stated: "This point was not made an issue in the trial court and therefore cannot be raised for the first time in this Court." (*Sanitary District v. United States Fidelity & Guaranty Co.,* 392 Ill. 602; *Ellguth v. Blackstone Hotel,*

*Inc.,* 408 Ill. 343.) The appellant admits that this is the general rule, but claims the question here is jurisdictional, and therefore it can be raised at any time. We agree with the appellant that if this is a jurisdictional question, and the commission violated any rules, which would give them jurisdiction of the subject matter, or of the defendant in the inquiry in question, it can be raised at any time. An examination of Rule 12 of the Civil Service Commission of Waukegan, Illinois, shows that the first provisions of the rule are not mandatory, but state what the department may do when charges are filed against a member of the fire department, and the rule says that such examination is to be optional with the department. It is our conclusion that the rule above stated is not a jurisdictional question, but one of procedure, and as heretofore stated, the defendant, Paul True, was present and represented by his attorney in all of the proceedings had before the commission, and had the full benefit of all hearings.

The latter part of the rule may be mandatory, but two physicians testified in the case, and gave their opinion that Paul True was physically disabled from carrying on the duties as a fireman. One of the doctors made a written report to the commission to that effect, so it is our conclusion that the rules of the commission had been complied with.

It is strenuously insisted by the appellant that the evidence does not sustain the findings of the commission. The evidence shows that Paul True had a seizure of some kind while he was on duty in the fire station and Doctor Floyd W. Castator was called; that they found Paul True lying on the floor in some sort of a seizure; that he was placed on the bed and the doctor stayed with him for some time; that True came out of the first seizure and while he was with him, he had another one. Dr. Castator testified that in his opinion, that Mr. True was suffering from epilepsy.

251

Doctor William L. Ewald was called as a witness by the petitioner and was asked a hypothetical question stating the symptoms, as found by Doctor Castator and other men that had seen Paul True in some of the seizures, and he gave as his opinion that Mr. True was suffering from epilepsy. Charles Gavigan, a fireman, testified that he had seen Paul in several seizures and it was his opinion that Mr. True was unfit to perform his duties as a fireman. Theodore Singer, another fireman, testified that he saw Paul True in what he termed a fit and that he called the chief and the doctor; that True was lying on the floor having convulsions; that he had seen True two times in this condition; that he used the log book of the fire department to substantiate his testimony and the dates. Carl Hellquist, another fireman, said that he saw True in the kitchen at the fire department doing some cooking; when he had a seizure and fell over backwards. He saw him again in one of his seizures and helped put him to bed; that they put two beds together and laid him on these. Later he found True limp under the bed.

T. J. Stanulis, another fireman, testified that he saw True having a spell, pounding on the wall, kicking and throwing his arms; that he couldn't talk and was stiff, with eyes open and was foaming at the mouth; that later he saw him have another spell. George Ryckman was chief of the fire department. He filed the charges against True on January 15, 1949. He testified that True had fallen out of bed and was on the floor and was throwing his arms and thrashing and twisting around on the floor; that he had the men put a blanket on him and he called Dr. Castator. When he came back later, the doctor told him that True had had another one of his seizures. His eyes were open and he was staring. He stated that Paul True was belligerent and that the other firemen complained about him; that True had one

of his attacks about noon and it lasted well into the afternoon. He had three attacks in one day.

The defendant called Darrus Cox as a witness on his behalf, who testified that he had been a schoolmate of Paul True's and had known him all of his life; that he had hunted with him and had double dates and was with him quite a lot; that he had known him intimately; that he had never known him to have a fainting spell, or any seizures, or a fit. Mary True, the mother of Paul testified that she had never known Paul to have any seizures of any kind; that she always thought that he was good and healthy; that she thought he was capable of performing his duties as a fireman.

Doctor Edward DeLong testified of his education and experience in his profession; that he had examined Paul True and found no evidence that Paul True was an epileptic; that he had never seen Paul in one of his blacked-out conditions, as testified by the firemen and the other doctors. Paul True himself was called as a witness and testified before the commission. He denied that he had ever had any seizures of any kind. It is from this evidence that the commission found that Paul True was not capable of carrying on his duties as a fireman.

■ The appellees contend that the appellant has frequently violated the Supreme Court Rules 36, 38 and 39 [Ill. Rev. Stats. 1951, ch. 110, §§ 259.36, 259.38, 259.39; Jones Ill. Stats. Ann. 105.36, 105.38, 105.39], which would warrant this court in affirming the judgment, or dismissing the appeal. Rule 39 in part is as follows: "The brief of appellant shall contain a short and clear statement of the case, showing, first, the nature of the action; second, the nature of the pleadings," etc. The statement of facts in the present case contains forty-eight full pages. It could hardly be considered a brief statement of facts. We do not pass upon the

merits of the appellees' contention to dismiss the appeal, but have seen fit to pass upon the merits of the controversy.

██ It is stated in the case of *Mohler v. Department of Labor,* 409 Ill. 79: "It is not within the province of this court to substitute its judgment for that of an agency such as herein appealed from, unless we can say that the findings of the agency are clearly and manifestly against the weight of the evidence."

██ It is stated in *Gibbons v. The Retirement Board of Policemen's Annuity & Benefit Fund of Chicago,* 344 Ill. App. 459, in quoting from another case: ". . . this court held that the judgment of the Board may not be arbitrarily set aside, and that it can only be quashed where there is no evidence fairly tending to sustain the Board's action." They cite *Carroll v. Houston,* 341 Ill. 531.

██ From a review of the record in this case, it is our conclusion that the evidence fairly sustains the charge that Paul True was physically incapacitated from performing the duties as a fireman, and the judgment appealed from is hereby affirmed.

*Judgment affirmed.*